IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CR-384-WKW-11 |
| | ) | [WO] |
| CHRISTI MURPHY THOMAS | ) | |

**ORDER**

On August 8, 2018, the court sentenced Defendant Christi Murphy Thomas to three years' probation. (Doc. # 323, at 2.) One condition of probation was that Ms. Thomas "serve a term of intermittent confinement for 14 consecutive weekends at a jail facility to be designated by the Federal Bureau of Prisons beginning May 31, 2019." (Doc. # 323, at 4.) *See* 18 U.S.C. § 3563(b)(10) (authorizing this condition). In April 2019, Ms. Thomas moved to modify the intermittent confinement condition. (Doc. # 388.) After the government responded (Doc. # 393), the court set an on-the-record hearing for June 6, 2019 (Docs. # 394, 398). At that hearing, the government and Ms. Thomas agreed to a modification of Ms. Thomas's probation conditions.

The court has jurisdiction to modify Ms. Thomas's probation conditions. *See* 18 U.S.C. § 3563(c) ("The court may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial

setting of the conditions of probation."). The government previously argued to the contrary. (*See* Doc. # 393, at 1–2.) But the government now concedes that it was in error. The cases previously cited by the government — *United States v. Caraballo-Martinez*, 866 F.3d 1233 (11th Cir. 2017), and *United States v. Phillips*, 597 F.3d 1190 (11th Cir. 2010) — do not apply. Both cases involved terms of imprisonment, not probation, and neither discusses the authority provided in 18 U.S.C. § 3563(c).

It is therefore ORDERED that, under 18 U.S.C. § 3563(b)(10), (b)(19), and (c), the conditions of Ms. Thomas's term of probation are MODIFIED as follows:

1. The intermittent confinement condition in the court's original Judgment (Doc. # 323, at 4 ¶ 1) is VACATED and REPLACED with the following special condition of probation:

> Beginning July 12, 2019, the defendant shall serve a term of intermittent confinement for four consecutive weekends at a jail facility to be designated by the Federal Bureau of Prisons. (That is, the defendant shall be confined from July 12–14, 2019; July 19–21, 2019; July 26–28, 2019; and August 2–4, 2019.) The defendant shall surrender for service of this term each Friday no later than 6:00 p.m. and shall be released each Sunday at 6:00 p.m.

2. The following new special condition of probation is IMPOSED:

> After completion of intermittent confinement, the defendant shall participate in the Location Monitoring Program and shall comply with the conditions of Home Detention, which will be monitored by a location monitoring system determined by her probation officer, for a period of four months. The defendant shall wear (a) location monitoring device(s) and follow the monitoring procedures specified by her probation officer. The defendant shall pay all costs of the program based on her ability to pay as determined by her probation

officer.  The defendant is restricted to her residence at all times except for: employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the probation office or supervising officer.

It is further ORDERED that on or before **August 5, 2019**, the government shall file a status report regarding Ms. Thomas's motion (Doc. # 386) to amend her restitution obligations.

DONE this 6th day of June, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE